02-10-557-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00557-CR

 

 


 
 
 David Whatley Bell
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 371st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
David Whatley Bell pleaded guilty to sexual assault of a child under seventeen
years of age and pleaded true to the repeat offender notice alleging a prior
felony conviction.  The trial court assessed punishment and sentenced Bell to
forty-five years’ confinement, and this court affirmed Bell’s conviction on
direct appeal.  See Bell v. State, No. 02-97-00167-CR, 02-97-00168-CR
(Tex. App.—Fort Worth Dec. 18, 1997, pet. ref’d) (mem. op., not designated for
publication).  On May 21, 2008, Bell filed an application for DNA testing,
which the trial court denied without an evidentiary hearing.  In his sole
point, Bell argues that the trial court erred by denying his request for DNA
testing.  We will affirm.

          On May
3, 1996, the fourteen-year-old complainant, A.J., and her friend, M.J., stayed
overnight at M.J.’s grandmother’s house.  Bell, M.J.’s uncle, lived with M.J.’s
grandmother.  A.J. fell asleep on the couch, and Bell woke A.J. around 2 a.m.
when he penetrated her vagina with his penis.  When A.J. attempted to free
herself, Bell ran from the room and woke M.J.  A.J. began crying and called her
sister to take her home.  The next morning, M.J. asked Bell “if he had done it”
with A.J., and he said yes but later said no.  A.J.’s sexual assault kit returned
a positive result for semen in the vaginal specimen and on her shorts.  Bell
gave a statement to police on May 14, 1996, admitting to penetrating A.J.’s
vagina with his penis and ejaculating inside her.  At trial, Bell again
admitted to having intercourse with A.J.  Bell contended, however, that A.J.
had consented to sex and told him she was twenty years old or older.

          After
the trial court sentenced Bell and his conviction was affirmed, Bell submitted
a request for DNA testing.  In an affidavit in support of his request, Bell
stated that he believed biological material related to his offense was in the
possession of police authorities, the material was not tested at the time of
his conviction, and testing of this material could establish his innocence.  The
State argued that Bell was not entitled to DNA testing because identity was not
an issue in his trial.  The trial court agreed and denied Bell’s request.  This
appeal followed.

          We review
challenges to a trial court’s ruling under article 64.04 of the Texas Code of
Criminal Procedure using a bifurcated standard of review.  Tex. Code Crim.
Proc. Ann. art. 64.04 (West 2006); Rivera v. State, 89 S.W.3d 55, 59
(Tex. Crim. App. 2002).  We give almost total deference to the trial judge’s
findings of historical fact and application-of-law-to-fact issues that turn on
witness credibility and demeanor, but we consider de novo all other
application-of-law-to-fact questions.  Ex parte Gutierrez, 337 S.W.3d
883, 890 (Tex. Crim. App. 2011).

          To
obtain DNA testing, several requirements must be satisfied.  See Tex.
Code Crim. Proc. Ann. art. 64.03(a) (West Supp. 2010); Rivera, 89 S.W.3d
at 59.  The requirement relevant to this appeal is that the identity of the
accused must have been or must be an issue in the case.  Tex. Code Crim. Proc.
Ann. art. 64.03(a)(1)(B).

          In his
sole point, Bell contends that DNA testing is needed to exclude him as the
perpetrator of this offense and that the trial court improperly considered his
guilty plea in denying his request for DNA testing.  The State argues that the
trial court may consider Bell’s plea, confession, and testimony in determining
that identity is not an issue, and it points to the court’s findings and
conclusions to show that identity was not and is not an issue.

          Article
64.03(b) provides that “[a] convicted person who pleaded guilty or nolo contendere
in the case . . . may submit a motion under this chapter, and the
convicting court is prohibited from finding that identity was not an issue in
the case solely on the basis of that plea.”  Id. art. 64.03(b)
(emphasis added).  This does not mean that the trial court could not consider
Bell’s plea along with the remainder of the record.  See O’Regan v. State,
No. 02-06-00100-CR, 2006 WL 3751410, at *1 (Tex. App.—Fort Worth Dec. 21, 2006,
pet. ref’d) (mem. op., not designated for publication).

          The
record reveals that identity was not an issue at trial and is not an issue
now.  Specifically, Bell pleaded guilty to sexual assault of a child under the
age of seventeen.  He gave a statement to police that he had intercourse with
and ejaculated inside the complainant, and Bell testified at trial that he had
sex with the complainant.  Bell’s defense at trial was that the complainant
consented and said she was twenty years old.  In addition, Bell was the only
male present when the complainant was sexually assaulted.  The results of the sexual
assault kit support the complainant’s allegations of sexual assault because
semen was detected inside of her vagina and on her shorts.  And finally, Bell
threatened to kill the complainant in retaliation.  Therefore, the record
supports the trial court’s ruling denying Bell’s request for DNA testing
because identity was not and is not an issue.

          Accordingly, we overrule Bell’s sole point of error, and we
affirm the trial court’s order.

 

 

BILL MEIER
JUSTICE

 

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

 

DO NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED: 
August 25, 2011









[1]See Tex. R. App. P. 47.4.